**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **TERRANCE TERRELL CARRIERE** | § | |
| | § | CIVIL ACTION NO: ______________ |
| *Plaintiff* | § | |
| | § | |
| **DOMINO'S PIZZA, LLC** | § | |
| | § | |
| **AND** | § | |
| | § | |
| **RPM PIZZA, LLC, D/B/A DOMINO'S PIZZA** | § | |
| | § | **JURY DEMAND HEREIN** |
| *Defendants* | § | |
| | § | |

---

**PLAINTIFF'S FIRST COMPLAINT & DEMAND FOR JURY TRIAL**

---

NOW COMES Plaintiff, **TERRANCE TERRELL CARRIERE**, by and through his attorney, **JAMES E. SUDDUTH, III**, for his Complaint against **DOMINO'S PIZZA, LLC AND RPM PIZZA, LLC, D/B/A DOMINO'S PIZZA**, hereby states as follows:

---

**JURISDICTION AND VENUE**

---

1. Plaintiff brings action under Title VII of the Civil Rights Act of 1964 as it appears at 42 U.S.C. § 2000 *et seq*, and The American's with Disabilities Act (42 USC § 12102 *et seq.*) ("ADA").

2. This Court has jurisdiction pursuant to the following statutes:

   a. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, law or treaties of the United States;

b. 28 U.S.C. § 1343 (3) and (4), which give district courts jurisdiction over actions to secure civil rights extended by the United States government;

3. It is a jurisdictional requirement of this Court that the Plaintiff has filed a complaint with the Equal Employment Opportunity Commission (EEOC). Plaintiff has done so on two separate occasions, complaint one under charge number 461-2015-00604 is attached as Exhibit 1 and complaint two under charge number 461-2016-01558 is attached as Exhibit 2.

4. After the filing of an EEOC complaint, Plaintiff must initiate suit within ninety (90) days of receiving the notice of the right to sue. Plaintiff has received these notices for each of his two complaints. These notices are attached under charge number 461-2015-00604 as Exhibit 3 and under charge number 461-2016-01558 as Exhibit 4. Plaintiff brings action in this court within the ninety (90) day limit.

5. Venue is appropriate in this judicial district under 28 U.S.C. § 1391 (b) because the events that gave rise to this Complaint occurred in the Western District of Louisiana, specifically in Calcasieu Parish, making the Lake Charles Division the most appropriate Division for this suit.

## PARTIES

6. Plaintiff is a citizen of the United States and resides in the City of Lake Charles, Parish of Calcasieu, State of Louisiana, which is in this judicial district.

7. Plaintiff is an African-American male and as such, is a member of a protected class.

8. Plaintiff suffers from multiple disabilities, including lumbar spinal stenosis and degenerative disease of the spine, refractive amblyopia, debilitating migraines, cervical herniated discs and major depression, and as such these disabilities qualify him a disabled person within the meaning of the ADA. Furthermore, and at all relevant times herein, Plaintiff was able to perform the essential functions of his job despite his various disabilities.

9. Defendant, **DOMINO'S PIZZA, LLC,** hereinafter referred to as "Domino's Corporate", located at 30 Frank Lloyd Wright Drive, Ann Arbor, MI 48106 and **RPM PIZZA, LLC, D/B/A DOMINO'S PIZZA**, hereinafter referred to as "Domino's Pizza", located in 204 Sam Houston Jones Parkway, Lake Charles, Louisiana, 70611. The defendant employed Plaintiff, TERRRANCE TERRELL CARRIERE, at their offices located at 204 Sam Houston Jones Parkway, Lake Charles, Louisiana, 2018 Gerstner Memorial Drive, Lake Charles, Louisiana and at 2300 Maplewood Drive, Sulphur, Louisiana. At all relevant times of the claims, Defendants employed over 500 persons.

---

## FACTUAL ALLEGATIONS

---

10. Plaintiff, **TERRENCE TERRELL CARRIERE**, began his employment with Defendant, Domino's Pizza on January 1, 1997.

11. Plaintiff, **TERRENCE TERRELL CARRIERE**, was employed most recently as an Assistant Manager, earning $9.00 per hour.

12. Throughout his employment, Plaintiff took extended efforts to attend any training programs available so that he would be able to advance within the company. Upon

information and belief, Plaintiff estimates that he took anywhere between twenty-five to fifty of these programs.

13. Petitioner was a hard-working dedicated employee that was repeatedly overlooked for advancement. These positions were often given to Caucasian persons with lower rank and experience than the petitioner. Upon good faith information and belief, Plaintiff believes this to be a systemic problem.

14. In fact, the EEOC in the course of its investigation into these allegations, found several non-disabled persons and members belonging to non-protected classes that had far less experience and training within the company than Plaintiff, that advanced to managerial roles over the Plaintiff.

15. Preceding over a three-year period, Plaintiff applied for various promotional positions. More specifically, and as one illustrative example of many, Plaintiff applied for a general manager's position at the Moss Bluff, Louisiana store he had been working at as an assistant manager, once it became available on January 5, 2015.

16. Plaintiff was in contact with Christian Nicole Hoffpauir during this time who confirmed that John Richards, Regional Vice President at Domino's Pizza, had received plaintiff's application for the position via email transmission.

17. Plaintiff contacted John Richards via text messaging and inquired about any available manager positions after noticing the available positions posted on www.indeed.com and www.dominos.com. The response given was "Not currently."

18. Plaintiff was thereafter transferred to a higher volume store located at 2018 Gerstner Memorial Drive, Lake Charles, Louisiana which caused him to work more strenuous and stressful hours with the job title and pay remaining the same. Additionally, this store was

known for being an unsafe workplace due to the crime rate in the area. During his employment at this store the Plaintiff was held up at gun-point and robbed.

19. The transfer decision was made against plaintiff's will. There has never been any legitimate non-discriminatory reason proffered for this transfer.

20. As the intimidation, retaliation and hostile work environment worsened, throughout his course of employment, plaintiff felt he had no choice but to resign with the company.

21. On or about April 2015, Plaintiff gave his notice of resignation. Upon giving his notice of resignation, which was a two week notice, he was effectively demoted to a lesser performing store in Sulphur, Louisiana that forced plaintiff to drive further out of his way to attend work for his last two weeks.

22. While working at the Sulphur, Louisiana store, Aaron Owens, the general manager at that location, was overheard by a delivery driver, Josh Marcantel stating, "the company was never going to promote Terrance (Carriere) and that he was going to be the assistant manager for the rest of his life."

23. In August 2015, Plaintiff filed an EEOC complaint for discrimination under EEOC charge number 461-2015-00604.

24. The Notice of Right to Sue (Conciliation Failure) was mailed on November 29, 2016.

---

**FIRST CAUSE OF ACTION:**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
*Pursuant to 42 USC § 2000 et seq.*

---

25. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein

26. Plaintiff, felt discriminated against due to the nature of his race, because he is an African American male.
27. Despite Plaintiff's qualifications and multiple applications, plaintiff was consistently passed over for promotional opportunities with Defendant. This occurred while less qualified and less experienced members of non-protected classes were promoted instead.
28. Defendant, **RPM PIZZA, LLC, D/B/A DOMINO'S PIZZA,** failed to act in accordance with Section 2000 et. seq. of Title VII of the Civil Rights Act of 1964. Additionally, Defendant failed to take any reasonable steps in otherwise resolving the Plaintiff's complaints while under its employ.
29. Wherefore, Plaintiff asks this Honorable Court to find Defendant, **RPM PIZZA, LLC, D/B/A DOMINO'S PIZZA**, liable for this violation of Title VII of the Civil Rights Act of 1964.

---

**SECOND CAUSE OF ACTION:**
**VIOLATION OF AMERICANS WITH DISABILITIES ACT**
*Pursuant to 42 USC § 12102 et seq.*

---

30. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein
31. Plaintiff has multiple disabilities, including lumbar spinal stenosis and degenerative disease of the spine, refractive amblyopia, debilitating migraines, cervical herniated discs and major depression all of which the upper management was aware when Plaintiff was hired. Plaintiff sometimes needs a cane to walk because of the back and neck disabilities.
32. The above listed disabilities substantially effect Plaintiff's daily life and therefore qualify him as a disabled person under the ADA.

33. Furthermore, at all relevant times and despite his disabilities he was able to perform the essential functions of his job.

34. By moving the Plaintiff to a higher volume store, which would create greater strain on Plaintiff's conditions without any promotional prospects and knowing the nature of his disabilities, it is clear that this was to further create an extremely difficult and hostile work environment for Plaintiff.

35. This adverse employment action further assisted in the Plaintiff's constructive discharge and ultimate forced resignation.

36. Wherefore, Plaintiff asks this Honorable Court to find Defendant, Defendant, **RPM PIZZA, LLC, D/B/A DOMINO'S PIZZA**, liable for the violation of the Americans With Disabilities Act (42 USC § 12102 et seq.) (ADA).

---

## FACTUAL ALLEGATIONS

---

37. Plaintiff incorporates and restates new factual paragraphs fully set forth herein

38. During the year preceding his resignation, the petitioner continued to apply for managerial and other promotional positions within the company in the Lake Charles and Lafayette area. These job listings were posted on the Domino's corporate website, www.dominos.com.

39. During the year post resignation, more specifically after the first EEOC charge filed in August 2015, the company refused to respond to the Plaintiff's applications, phone calls or emails. From July 2015 through July 2016, at least five General Manager positions were available at different various locations owned by the company per the corporate website

and through further investigation, these positions were given to persons of lesser rank within the company than the Plaintiff and were members of a non-protected class.

40. Christian Nicole Hoffpauir contacted plaintiff once again, via text message, asking why he was applying for a position at the store she currently managed. She thereafter confirmed in the conversation that due to her having accessibility to the account of John Richards, Regional Vice President at Domino's Pizza, that Mr. Richards had in fact received plaintiff's applications for the positions he had applied to via email transmission but was deleting them without review.

41. In September 2016, Plaintiff filed his second EEOC complaint for retaliation and failure to hire under EEOC charge number 461-2016-01558.

42. The Notice of Right to Sue was mailed on January 17, 2017.

---

**THIRD CAUSE OF ACTION:**
**RETALIATION/FAILURE TO HIRE**
Violation of Title VII of the Civil Rights Act of 1964
*Pursuant to 42 U.S.C. §2000(e) et. Seq*

---

43. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

44. Plaintiff, after the consistent discrimination, hostile work environment, and effective demotions was left with no choice but to resign with the company in April of 2015. In August of 2015, Plaintiff filed EEOC charge number (461-2015-00604) complaining of various unlawful employment practices.

45. Throughout the years of 2015 and 2016, Plaintiff filed out various applications seeking a managerial position within any number of available locations throughout Lake Charles and Lafayette that were being advertised on various internet sites.

46. Plaintiff (1) is an African American male and as such he belongs to a racial minority, (2) was qualified for a job for which the employer was seeking applicants as demonstrated by the various web postings, (3) despite Plaintiff's qualifications he was rejected; and (4) after Plaintiff's rejection the positions did in fact remain open and the Defendant continued seeking applications from persons that had Plaintiff's qualifications.

47. After experiencing this chronic and summary dismissal over several months, Plaintiff filed EEOC Charge Number (461-2016-01558) with Domino's Corporate complaining of this retaliatory denial for available positions and chronic failure to hire.

48. Upon good faith information and belief, Defendants repeatedly, knowingly, and willingly refused to hire Plaintiff after they were aware that he had filed the two claims with EEOC disclosing the wrongful acts that he had been subjected to in violation of §2000(e)(3)(a).

49. Furthermore, upon good faith information and belief, neither of the Defendants took any steps to address these concerns, provide explanation, or fix this systemic problem.

50. This was confirmed by the communications with Christian Nicole Hoffpauir who specifically stated that the Plaintiff's applications were being received by John Richards, Regional Vice President at Domino's Pizza but were being dismissed without view or consideration thereof.

51. In fact, Plaintiff never received any response or consideration of any kind from any application that was submitted. No legitimate non-discriminatory reason was every tendered by the Defendants. Rather the Plaintiff's application was merely summarily dismissed.

52. Plaintiff was retaliated against due to his previous EEOC charge of discrimination because the Defendants refuse to acknowledge and consider him as an appropriate candidate for any promotable positions.

53. Section 2000(e)(2)(a) of Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to discharge an individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

54. Furthermore, pursuant to Section 2000(e)(3)(a), discrimination for making charges, testifying, assisting, or participating in enforcement proceedings is an unlawful employment practice.

55. Defendants, **DOMINO'S PIZZA, LLC AND RPM PIZZA, LLC, D/B/A DOMINO'S PIZZA,** failed to act in accordance with Section 2000 et. seq. of Title VII of the Civil Rights Act of 1964. Additionally, Defendant failed to take any reasonable steps in otherwise resolving the Plaintiff's complaints while under its employ.

56. Wherefore, Plaintiff asks this Honorable Court to find Defendants, **DOMINO'S PIZZA, LLC, AND RPM PIZZA, LLC, D/B/A DOMINO'S PIZZA**, liable for this violation of Title VII of the Civil Rights Act of 1964.

---

## PRAYER:

---

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendant providing the following relief:

(a) Reasonable attorney's fees under 42 U.S.C. 1988;

(b) Compensatory damages to be determined by a jury of Plaintiff's peers after the trial of this matter;

(c) Punitive damages pursuant to 42 U.S.C. 1981;

(d) Any and all other damages as appropriate in this case as allowed by law in the interest of law and equity.

---

**DEMAND FOR JURY TRIAL**

---

Pursuant to Rule 38 of Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

**Respectfully Submitted**,

**SUDDUTH & ASSOCIATES, LLC**

Attorneys-at-Law
4216 Lake Street Suite C
Lake Charles, Louisiana 70605
(337) 480 - 0101 (*Telephone*)
(337) 419 - 0507 (*Facsimile*)

**BY:** James E. Sudduth, III

**JAMES E. SUDDUTH, III, #35340**
Attorney for *Terrance Carriere*