RECEIVED

SEP - 1 2017

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| TERRANCE TERRELL CARRIERE | * | CIVIL ACTION NO. 2:17 -CV-00325 |
| | * | |
| v. | * | |
| | * | JUDGE UNASSIGNED |
| DOMINO'S PIZZA, LLC, ET AL. | * | |
| | * | |
| | * | MAGISTRATE JUDGE KAY |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM RULING

Before the court is a Motion to Dismiss for Lack of Jurisdiction or Alternatively, Motion to Stay, and a Motion to Compel Arbitration (Rec. Doc. 5) filed by the defendants, Domino's Pizza LLC and RPM Pizza LLC. The plaintiff, Terrance Carriere, filed a Response in Opposition (Rec. Doc. 10), and the defendants filed a Reply (Rec. Doc. 12). Carriere also filed a Motion for Oral Argument (Rec. Doc. 11). For the following reasons, the Motion to Dismiss for Lack of Jurisdiction or Alternatively, Motion to Stay, and a Motion to Compel Arbitration will be **GRANTED IN PART** and **DENIED IN PART**, and the Motion for Oral Argument will be **DENIED AS MOOT.** The court will compel arbitration and stay this proceeding pending arbitration.

## FACTS & PROCEDURAL HISTORY

Carriere, an African American male, allegedly suffers from several disabilities including lumbar spinal stenosis, degenerative disease of the spine, refractive amblyopia, debilitating migraines, cervical herniated discs, and major depression.[1] He started working for the defendants in 1997, and he resigned from his position as assistant store manager in 2015 after getting passed

---

[1] Compl. (Rec. Doc. 1), ¶¶ 7-8.

over for promotion several times.[2] Carriere alleges that by not promoting him to general manager, the defendants discriminated against him because of his disabilities and race.[3] While employed, Carriere actively sought to be promoted to a general manager position, but he never was, despite allegedly attending 25 to 50 training programs to advance within the company.[4] In 2015, after resigning from his position, he filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging that the defendants did not promote him to general manager because of his disability and race.[5] After investigating his claims, the EEOC determined that "[t]he evidence show[ed] that more likely than not, [Carriere] was denied promotion because of his disabilities" and that "the evidence [did] not support [Carriere's] allegation of discrimination based on race."[6] The EEOC provided a Proposed Conciliation Agreement, to which the defendants did not agree,[7] and the EEOC issued a right to sue letter for Carriere. Carriere filed suit before this court alleging that the defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*, and the Americans with Disabilities Act, 42 US.C. § 12102, *et seq.*, by refusing to promote him to general manager because of his race and/or disabilities.

The defendants have filed a Motion to Dismiss for Lack of Jurisdiction or Alternatively, Motion to Stay, and a Motion to Compel Arbitration (Rec. Doc. 5) based on an Arbitration Agreement signed by Carriere and RPM Pizza, LLC.[8] The parties signed the agreement in 2011,

---

[2] *Id.* at ¶¶ 10-12, 15, 21.

[3] *See generally id.*

[4] *Id.* at ¶¶ 12, 15.

[5] Charge of Discrimination (Rec. Doc. 1-3).

[6] Determination (Rec. Doc. 10-3).

[7] Proposed Conciliation Agreement (Rec. Doc. 10-3); Right to Sue (Rec. Doc. 1-5).

[8] Arbitration Agreement (Rec. Doc. 5-2). Neither party addresses whether the Arbitration Agreement is binding as to claims regarding Dominos Pizza LLC. However, the court does not need to determine if Dominos Pizza LLC can enforce the arbitration agreement as to claims against it. As further explained below, the courts inquiry is limited to the existence of an arbitration agreement and the arbiter decides the scope and enforceability of the agreement.

and pursuant to the arbitration agreement, they mutually agreed to resolve disputes through arbitration conducted by the American Arbitration Association.[9] The agreement states that it covers Title VII of the Civil Rights Act of 1964 claims and Americans with Disabilities Act claims,[10] and that "[a]ny claim, dispute, and/or controversy relating to the scope, validity, or enforceability of [the] Arbitration Agreement," are subject to arbitration.[11] The plaintiff opposes the Motion to Compel Arbitration, arguing that the Arbitration Agreement is not a binding contract under Louisiana law because it is not supported by adequate consideration.

## LAW & ANALYSIS

The defendants claim that the plaintiff must arbitrate his claims pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 1, *et seq.,* and therefore, the court should stay the proceedings pending arbitration or dismiss the case for lack of jurisdiction. The FAA "mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed ... absent a ground for revocation of the contractual agreement."[12] As long as a party is not in default, the party may move the court to compel arbitration.[13] If the court determines that the issues involved in a case are subject to arbitration, the court may stay the judicial proceedings pending the arbitration proceedings or, if all issues raised in the lawsuit are subject to arbitration, the court may dismiss the case in favor of arbitration.[14]

---

[9] *Id.* ¶ III.

[10] *Id.* ¶ II.A.(1).

[11] *Id.* ¶ II.A.(5).

[12] *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985) (emphasis in original); *see* 9 U.S.C. § 2.

[13] 9 U.S.C. § 3.

[14] *See id.; Fedmet Corp. v. M/V BUYALYK,* 194 F.3d 674, 676 (5th Cir. 1999) (citing *Alford v. Dean Witter Reynolds, Inc.,* 975 F.2d 1161, 1164 (5th Cir. 1992)).

To determine whether the issues of a case must be arbitrated, the court applies a two-step analysis: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement."[15] However, an arbitration agreement can delegate the power to determine the arbitrability of a specific claim to an arbitrator.[16] If the arbitration agreement contains this delegation clause, the court's role is limited to the first step of the analysis—determining whether a valid agreement to arbitrate exists.[17] When determining the agreement's validity, the court applies state-law principles of contract.[18] If a valid agreement exists, the court must refer the claim to arbitration and allow "the arbitrator to decide gateway arbitrability issues."[19] When conducting this inquiry, the court should stay mindful that there is a "strong federal policy favoring arbitration."[20]

The arbitration agreement at issue in this case specifies that "[a]ny claim, dispute, and/or controversy relating to the scope, validity, or enforceability of [the] Arbitration Agreement," is subject to arbitration,[21] and therefore, it includes a delegation clause which limits the courts inquiry to whether a valid arbitration agreement exists.[22] Carriere argues that no arbitration agreement existed under Louisiana contract law because the agreement signed by the plaintiff had insufficient consideration.

---

[15] *Safer v. Nelson Fin. Grp., Inc.*, 422 F.3d 289, 293 (5th Cir. 2005) (citing *Personal Sec. & Safety Sys., Inc. v. Motorola, Inc.*, 297 F.3d 388, 392 (5th Cir. 2002)).

[16] *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201–02 (5th Cir. 2016).

[17] *Id.* at 202.

[18] *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 218 (5th Cir. 2003)

[19] *Kubala*, 830 F.3d at 202 (citing *Rent–A–Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010)).

[20] *Fedmet Corp.*, 194 F.3d at 676 (quoting *United Offshore Co. v. S. Deepwater Pipeline Co.*, 899 F.2d 405, 408 (5th Cir. 1990)).

[21] Arbitration Agreement (Rec. Doc. 5-4), p. 3, ¶ II.A.(5).

[22] *See Kubala*, 830 F.3d at 204 (determining that a similar clause was a valid delegation clause).

4

"Under Louisiana law, the requirements for a valid contract are capacity, consent, a lawful cause, and a valid object."[23] A valid contract does not require consideration.[24] While Carriere argues that under Louisiana law, consideration is required for employment contracts, the cases cited by the plaintiff generally explain that without further consideration employment contracts are "at will" contracts, not that the contracts are void without consideration.[25] The plaintiff points to no Louisiana case law or statutory law, and the court could find none, that requires consideration from both parties to make an arbitration agreement between an at-will employee and his employer, enforceable. The defendants argue that the arbitration agreement meets the requirements of capacity, consent, a lawful cause, and a valid object under Louisiana law, and the plaintiff does not dispute this. Therefore, the court finds that an arbitration agreement exists under Louisiana law.

Furthermore, even if Louisiana required consideration for arbitration agreements between at-will employees and employers, the arbitration agreement signed by Carriere would likely meet this requirement. Other states that require consideration for enforceable contracts have found that

---

[23] *Granger v. Christus Health Cent. La.*, 2012-1892, p. 33 (La. 6/28/13), 144 So. 3d 736, 760–61 (citing La. Civ. Code arts. 1918, 1927, 1966, 1971).

[24] *Smith v. Amedisys Inc.*, 298 F.3d 434, 446 (5th Cir. 2002) (citing *Unkel v. Unkel*, 29,728, p. 5 (La. App. 2 Cir. 8/20/97), 699 So. 2d 472, 475; La. Civ. Code art. 1967 cmt. (c))

[25] *See Brannan v. Wyeth Labs., Inc.*, 526 So. 2d 1101, 1104 (La. 1988) ("[A] contract for employment as long as the employer-master is operating is a contract for an indefinite period, and without other consideration from the employee-servant than services to be rendered, the contract is terminable at the will of either party."); *Pitcher v. United Oil & Gas Syndicate*, 174 La. 66, 68 (1932) (finding that employment was at will without consideration beyond continued employment); *May v. Harris Mgmt. Corp.*, 2004-2657, pp. 8-9 (La. App. 1 Cir. 12/22/05), 928 So. 2d 140, 146 (determining that an employment contract was "at will" without further consideration); *Seals v. Calcasieu Par. Voluntary Council on Aging, Inc.*, 1999-1269, p. 5 (La. App. 3 Cir. 3/1/00), 758 So. 2d 286, 289 ("[A] contract of indefinite duration will be upheld when the employee gives "special consideration," in addition to the services he has promised to perform."); *Terrebonne v. Louisiana Ass'n of Educators*, 444 So. 2d 206, 210 (La. Ct. App. 1983), writ denied, 445 So. 2d 1232 (La. 1984) (determining that a contract was not consented to by both parties when no bargaining or consideration beyond continued employment took place); *Griffith v. Sollay Found. Drilling, Inc.*, 373 So. 2d 979, 981 (La. Ct. App. 1979) ("Any promise or agreement that an employee will have permanent employment requiring good cause for termination must be supported by some special consideration given by the employee over and above the rendering of his services.").

a mutual agreement to arbitrate claims is sufficient consideration.[26] The arbitration agreement at issue in this case requires both RPM Pizza LLC and Carriere to arbitrate claims, and this mutual agreement would likely be adequate consideration. Accordingly, even if consideration was required, the arbitration agreement would be valid.

Having determined that the arbitration agreement is valid, the court's inquiry stops because the agreement delegates questions of the arbitrability of Carriere's claims to arbitrator. The court must refer Carriere's claim to arbitration and allow the arbiter to decide whether his claims are subject to arbitration.[27] Because the court cannot make a determination of whether all of the claims are subject to arbitration and would be resolved through arbitration, the court will stay the matter pending arbitration.[28]

---

[26] See, e.g., Lizalde v. Vista Quality Markets, 746 F.3d 222, 225 (5th Cir. 2014) (citing In re 24R, Inc., 324 S.W.3d 564, 566 (Tex. 2010)) (finding that under Texas law, the "[m]utual agreement to arbitrate claims provides sufficient consideration to support an arbitration agreement"); New S. Fed. Sav. Bank v. Anding, 414 F. Supp. 2d 636, 643 (S.D. Miss. 2005) (citing McKenzie Check Advance of Miss., LLC v. Hardy, 866 So.2d 446, 452 (Miss. 2004) ("Under Mississippi law, any mutual promises, such as mutual promises to arbitrate certain claims, constitute consideration.").

[27] Kubala, 830 F.3d at 202 (citing Rent–A–Ctr., W., Inc. v. Jackson, 561 U.S. 63, 68–69 (2010)).

[28] See 9 U.S.C. § 3; Fedmet Corp., 194 F.3d at 676 (citing Alford, 975 F.2d at 1164).

## CONCLUSION

For the reasons explained above, the court will **GRANT IN PART** and **DENY IN PART** the Defendants' Rule 12(b)(1) Motion to Dismiss, or Alternatively Stay, and Compel Arbitration (Rec. Doc. 5). The motion will be granted to the extent that the court compels arbitration and the proceedings are stayed pending arbitration. However, the motion will denied to the extent that the case is not dismissed for lack of jurisdiction. The plaintiff's Motion for Oral Argument (Rec. Doc. 11) will be **DENIED** as unnecessary.

**THUS DONE AND SIGNED** in Alexandria, Louisiana, this _1st_ day of September, 2017.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE